# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CONNSTANCE N. QUARLES, | ) |
| | ) |
| Debtor, | ) |
| | ) |
| | ) Case No. 06-CV-0137-CVE-SAJ |
| GEORGE W. CALDWELL, M.D., and | ) |
| EMERGENCY CARE, INC., d/b/a | ) |
| MEDCENTER II OF TULSA, | ) |
| | ) |
| Appellants, | ) |
| | ) |
| v. | ) |
| | ) |
| PATRICK J. MALLOY, III, | ) |
| | ) |
| Appellee. | ) |

## OPINION AND ORDER

Now before the Court is the report and recommendation of Magistrate Judge Sam A. Joyner (Dkt. # 12) recommending the dismissal of the bankruptcy appeal of George Caldwell, M.D. ("Caldwell") and Emergency Care, Inc. ("Emergency Care") for lack of standing.

### I.

On February 26, 2004, Connstance N. Quarles ("Quarles" or "debtor") filed a voluntary petition requesting a discharge under Chapter 7 of the Bankruptcy Code. In her petition, she alleged that no property would remain for distribution to creditors after exempt property was excluded and administrative expenses were paid.[1] She signed the petition under penalty of perjury, affirming that the information in her bankruptcy pleadings was accurate. Her attorney verified that he had

---

[1] In her bankruptcy schedules, Quarles listed assets of $4,862 and total liabilities of $104,400.

explained to Quarles the relief available under Chapter 7 and her responsibility to submit accurate information to the bankruptcy court. In the Disclosure of Compensation of Attorney for Debtor, Quarles' attorney stated that he independently analyzed Quarles' financial condition, that he prepared any filings, petitions, schedules, or other documents, and that he represented the debtor at a meeting of her creditors.

Schedule B of Quarles' bankruptcy petition required her to list "other contingent and unliquidated claims of every nature . . . ." Dkt. # 3-1, at 13. Quarles did not list any claims in response to this question. She also completed a Statement of Financial Affairs, which required her to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." Dkt. # 3-1, at 25. Quarles listed one lawsuit styled Beneficial Oklahoma Inc. v. Quarles, CJ-2003-6157 (District Court of Tulsa County, Oklahoma), a mortgage foreclosure action with a sheriff's sale set for March 9, 2004. Quarles listed no other lawsuits.

The meeting of creditors was held on March 26, 2004 and, following this meeting, the trustee reported that he had performed his statutory duties and there were no assets for distribution to the creditors. The trustee issued a Report of No Distribution and the bankruptcy court entered a no-asset discharge in favor of Quarles on June 10, 2004. Consequently, creditors were prohibited from making any attempt to collect a discharged debt, and the final decree closing the case was entered on June 30, 2004.

However, the debtor failed to disclose the existence of a pending lawsuit on her bankruptcy schedules. On September 18, 2001, Quarles had filed a medical malpractice action against Emergency Care in the District Court of Tulsa County. She dismissed this claim without prejudice

on January 11, 2002, but subsequently refiled the claim against Emergency Care and Caldwell on January 8, 2003.[2] Upon learning that debtor failed to disclose this lawsuit in her bankruptcy schedules, Emergency Care and Caldwell filed a motion to dismiss the state court action in September 2005. They argued that Quarles failed to disclose the tort claim to the bankruptcy court, and that she should be judicially estopped from pursuing the tort claim in state court.

After the motion to dismiss was filed, Quarles contacted the bankruptcy trustee and notified him that she omitted the tort claim in her bankruptcy filings. On October 7, 2005, the trustee moved to reopen the bankruptcy proceedings to include the tort claim as an asset of the estate. The motion to reopen was granted, and debtor's bankruptcy counsel filed amendments to Schedules B and C, and to the Statement of Financial Affairs, to include the omitted tort claim. However, Emergency Care and Caldwell were not notified of the trustee's motion to reopen Quarles' bankruptcy.[3]

When Emergency Care and Caldwell learned that the trustee reopened Quarles' case, they filed a motion to vacate the bankruptcy court's order reopening debtor's case. They argued that debtor should not be permitted to reopen her bankruptcy, because judicial estoppel should be applied to prevent the trustee from litigating debtor's tort claim. The bankruptcy court held that Emergency Care and Caldwell were "parties in interest" with standing to object to the trustee's motion to reopen, but that none of the elements of judicial estoppel was present. Even though appellants had standing to object, the bankruptcy court stated that "the Tenth Circuit has expressed a hostility

---

[2]   When she refiled the claim in 2003, she filed individually and as surviving spouse of James O. Quarles.

[3]   Appellants argue that the trustee should have notified them of proceedings to reopen debtor's bankruptcy, because the trustee knew appellants had filed a motion to dismiss in state court based on debtor's failure to list the claim in her bankruptcy schedules.

3

towards strangers to a bankruptcy case who invoke bankruptcy principles that were designed to further legitimate aims of the Bankruptcy Code." Dkt. # 3-2, at 36. With regard to appellants' judicial estoppel argument, the bankruptcy court held that the trustee had not assumed any position concerning the existence of Quarles' tort claim, and had certainly not adopted a position inconsistent with his intention to pursue an asset of the estate. The bankruptcy court held that the debtor was at fault for failing to list the tort claim on her bankruptcy schedules, but there are other methods within the Bankruptcy Code to punish a debtor who fails to disclose the existence of valuable assets. By reopening the case, any benefit from the lawsuit accrues to the estate, not the debtor. The bankruptcy court also found that appellants would not be prejudiced, because they would simply be required to defend against the merits of the tort claim, the same result as if debtor had initially disclosed the tort claim on her bankruptcy schedules. The motion to vacate was denied.

Emergency Care and Caldwell appealed to this Court the bankruptcy court's order denying their motion to vacate. They assert that the bankruptcy court erred by refusing to apply judicial estoppel to the trustee's request to reopen Quarles' bankruptcy and by denying appellants' motion to vacate. The Court referred the appeal to a magistrate judge for a report and recommendation. The magistrate judge recommended the case be dismissed because appellants lack standing to bring an appeal of the bankruptcy court's order under the "persons aggrieved" test and, alternatively, that the bankruptcy court did not err by refusing to apply judicial estoppel. Appellants have filed an objection to the magistrate judge's report and recommendation.

**II.**

The Court must conduct a de novo review of the magistrate judge's report and recommendation. Under 28 U.S.C. § 636(b)(1), the court "shall make a de novo determination of

those portions of the report or specified proposed findings or recommendations to which objection is made." See also Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996) ("De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations."). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

This matter comes before the Court for appellate review under 28 U.S.C. § 158(c), which imposes limitations on the Court's scope of review. When reviewing the bankruptcy court's decision to reopen a bankruptcy under 11 U.S.C. § 350(b), the Court will review the bankruptcy court's decision for an abuse of discretion. Woods v. Kenan, 173 F.3d 770, 778 (10th Cir. 1999); Nintendo Co., Ltd., v. Patten, 71 F.3d 353, 356 (10th Cir. 1995). The bankruptcy court's findings of fact will not be set aside unless this Court determines the findings were clearly erroneous. FED. R. BANKR. P. 8013; In re Schneider, 864 F.2d 683, 685 (10th Cir. 1988). The bankruptcy court's conclusions of law are reviewed de novo. In re Fingado, 995 F.2d 175, 178 (10th Cir. 1993).

### III.

Appellants raise three objections to the magistrate judge's report and recommendation. First, they argue that the magistrate judge erred when he concluded that appellants do not have standing to appeal the bankruptcy court's order. Second, they claim that judicial estoppel does apply under the facts of this case, and that judicial estoppel should be applied to prevent the trustee from reopening Quarles' bankruptcy. Third, appellants argue that the acts of the debtor, specifically

failing to disclose an asset to the bankruptcy court, should be imputed to the trustee and the bankruptcy court erred by distinguishing between the representations of debtor and the trustee.[4]

**A.**

The magistrate judge concluded that appellants lacked standing to appeal the bankruptcy court's order denying their motion to vacate. Citing this Court's opinion in <u>Kreutzer v. Giddens</u>, 344 B.R. 634 (N.D. Okla. 2006), the magistrate judge found that appellants "do not have a direct pecuniary interest" in debtor's bankruptcy proceedings, and do not qualify as a person aggrieved by the bankruptcy court's order. Emergency Care and Caldwell object to this conclusion, because they assert they should be treated as a "debtor of a debtor" for purposes of appellate standing. They argue that they must be allowed to appeal the bankruptcy court's order or no party will ever have standing to raise judicial estoppel as a defense when a debtor fails to disclose a tort claim to the bankruptcy court.

The trustee raised the issue of standing before the bankruptcy court and, relying on <u>In re Tarrer</u>, 273 B.R. 724 (Bankr. N.D. Ga. 2001), the bankruptcy court found that appellants qualified as parties in interest under 11 U.S.C. § 350. The bankruptcy court noted there was a split of authority concerning the standing of a defendant in an undisclosed tort suit to appear before the bankruptcy court. Dkt. # 3-2, at 30. The Tenth Circuit has stated, in dicta, that a debtor of a debtor may qualify as a party in interest, but the bankruptcy court must make this determination on a case by case basis. <u>See</u> <u>Vermejo Park Corp. v. Kaiser Coal Corp.</u>, 998 F.2d 783, 788 (10th Cir. 1993) ("Bankruptcy courts 'must determine on a case by case basis whether the prospective party in

---

[4]    Arguments two and three overlap, and both will be addressed in relation to appellants' claim that the bankruptcy court erred when it refused to apply judicial estoppel. <u>See</u> III.B., <u>infra</u>.

6

interest has a sufficient stake in the proceedings so as to require representation.'"). The bankruptcy court interpreted Tenth Circuit precedent to mean that a debtor of a debtor may have standing to object under certain circumstances. Adopting the reasoning of In re Tarrer, the bankruptcy court held that appellants had standing under Article III of the United States Constitution to object to the trustee's motion to reopen and should have received notice of the proceedings.

Although the bankruptcy court determined that appellants had standing to object to the trustees motion to reopen under 11 U.S.C. § 350, this court must apply a separate test for standing on appeal under the "persons aggrieved" test adopted by the Tenth Circuit. The right to appeal an order of the bankruptcy court is limited to persons aggrieved, specifically to "those persons whose rights or interests are 'directly and adversely affected pecuniarily' by the decree or order of the bankruptcy court." Holmes v. Silver Wings Aviation, Inc., 881 F.2d 939, 940 (10th Cir. 1989). A party is a person aggrieved if the order he appeals "diminishes the litigant's property, increases his burdens, or impairs his rights." In re Williams, 181 B.R. 532 (D. Kan. 1995). This test was adopted to prevent endless appeals by any party that may be indirectly impacted by a bankruptcy court's order. Nintendo Co., Ltd, 71 F.3d at 357; Holmes, 881 F.2d at 940. In the context of challenging a bankruptcy court's order to reopen a bankruptcy, standing is generally limited to debtors, creditors or trustees. Nintendo Co., Ltd., 71 F.3d at 356. The persons aggrieved standard "is stricter than the prudential requirement for standing under Article III." GMX Resources v. Kleban, 282 B.R. 9, 14 (10th Cir. BAP 2002).

In this case, Emergency Care and Caldwell appeal the bankruptcy court's order denying their motion to vacate the order reopening Quarles' bankruptcy. They argue that they have a direct pecuniary interest sufficient to justify appellate standing because, when the motion to vacate was

7

denied, this impaired their right to seek dismissal of the concurrent state court litigation. Appellants argue that they will have to defendant against Quarles' malpractice claim on the merits because of the bankruptcy court's order reopening debtor's case.[5] The trustee responds that standing should be limited to debtors, creditors and trustees, because these parties only have a "particular and direct stake" in reopening a bankruptcy. Nintendo Co., Ltd., 71 F.3d at 357.

The Court finds that appellants have not shown that they are persons aggrieved and, therefore, they do not have standing to appeal the bankruptcy court's order reopening Quarles' bankruptcy or the denial of their motion to vacate. The mere act of reopening a closed bankruptcy case does not afford any party substantive relief; it is a purely ministerial act with no legal significance for the underlying bankruptcy. GMX Resources, 282 B.R. at 15; Horizon Aviation of Virginia, Inc. v. Alexander, 296 B.R. 380, 382 (E.D. Va. 2003). The bankruptcy court's decision to reopen the case has an indirect effect on appellants' defense in a separate lawsuit, but this does not mean that they have a "particular and direct stake" in the underlying bankruptcy proceedings. Appellants' liability to Quarles will be decided in the state court litigation, not the bankruptcy proceedings. As it currently stands, appellants do not owe Quarles any debt, nor have they shown that reopening the bankruptcy will disrupt any defense to the merits of Quarles' claim. The state court has the independent authority to hear appellants' argument based on judicial estoppel and,

---

[5] Appellants assume that the state court would dismiss Quarles' malpractice claim if the trustee's motion to reopen was denied.

even if it concludes that Quarles technically has standing, it can still consider appellants' judicial estoppel argument.[6]

The bankruptcy court was not asked to determine if Emergency Care and Caldwell were persons aggrieved but, instead, it determined that appellants were "parties in interest" under section 350(b). By relying on In re Tarrer, the bankruptcy court implicitly adopted the constitutional test for standing under Article III to decide if appellants had standing to object to the trustee's motion to reopen. See Dkt. # 3-2, at 6 (quoting In re Tarrer, 273 B.R. at 731) (incorporating Article III standing requirement when ruling that defendant in a concurrent state court case had standing to object to a debtor's motion to reopen). As Tenth Circuit precedent makes clear, the test for appellate standing is more stringent. Appellants have the burden to prove that they have standing to appeal by showing that their "rights or interests are directly and adversely affected pecuniarily by the decree or order of the bankruptcy court." American Ready Mix v. Behles, 14 F.3d 1497, 1500 (10th Cir. 1994). Appellants are not debtors, creditors, or trustees in relation to Quarles' bankruptcy, but are potential debtors of a debtor. The Court finds that the bankruptcy court's order will have no direct pecuniary effect on appellants but, at most, appellants will merely have to defend a tort claim they would have had to defend if debtor had listed the asset and they now have indirect support for an affirmative defense in that lawsuit. Therefore, the Court accepts the magistrate judge's report

---

[6] Appellants assert that, should the Court rule they lack standing, no party will ever be able to assert judicial estoppel to challenge a bankruptcy debtor's failure to list a claim as an asset. This greatly misrepresents the issue, as a tort defendant will have standing to raise this affirmative defense before the court where the lawsuit is pending. The standing issue in this case concerns the right of a potential debtor of a debtor to collaterally raise judicial estoppel in a separate bankruptcy proceeding. An adverse ruling against appellants will not foreclose judicial estoppel as a defense in this case or any other tort case.

9

and recommendation, and finds that appellants lack standing to appeal the bankruptcy court's order reopening Quarles' bankruptcy.

**B.**

Even assuming that Emergency Care and Caldwell had standing, the bankruptcy court did not err when it held that none of the elements for judicial estoppel is present in this case.[7] The bankruptcy court held that the trustee did not assume any position with respect to the state court litigation, meaning that he could not have taken inconsistent positions before two different courts concerning the existence of Quarles' malpractice claim. Based on this finding, the bankruptcy court concluded that appellants could not prove any element necessary for judicial estoppel under Tenth Circuit precedent. Appellants argue that debtor took contrary positions before the bankruptcy court and the state court, and her pre-petition actions should be imputed to the trustee.

Judicial estoppel is an equitable defense that prevents a party from adopting a contrary position in a subsequent judicial proceeding when it would prejudice the opposing party. Until recently, the Tenth Circuit had not formally adopted the doctrine of judicial estoppel. However, based on the Supreme Court's decision in New Hampshire v. Maine, 532 U.S. 742 (2001), the Tenth Circuit held that it was compelled to recognize judicial estoppel as an affirmative defense. Johnson v. Lindon City Corp., 405 F.3d 1065, 1069 (10th Cir. 2005). In Johnson, the Tenth Circuit created a three part test for analyzing claims of judicial estoppel:

---

[7] The magistrate judge considered appellants' judicial estoppel argument as an alternative disposition, because he found that appellants lacked standing to pursue this appeal. He stated that "the Court has reviewed the arguments and authority presented by Appellants as to the issue of judicial estoppel and finds these to be virtually identical to those raised and addressed in *Kruetzer*." Dkt. # 12, at 9. Appellants have objected to this finding, and the Court has an obligation to conduct de novo review of appellants' defense of judicial estoppel.

> "First, a party's later position must be 'clearly inconsistent' with its earlier position." *Id*. (citation omitted). Moreover, the position to be estopped must generally be one of fact rather than of law or legal theory. *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir.1996). Second, "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.' " *New Hampshire*, 532 U.S. at 750, 121 S.Ct. 1808 (citation omitted). The requirement that a previous court has accepted the prior inconsistent factual position "ensures that judicial estoppel is applied in the narrowest of circumstances." *Lowery*, 92 F.3d at 224. Third, "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 751, 121 S.Ct. 1808.

405 F.3d at 1069. These three steps are not absolute requirements, but factors in guiding a court's application of the doctrine of judicial estoppel. Applying these factors, it is clear that the bankruptcy court did not err when it refused to apply judicial estoppel to bar the trustee from seeking to reopen Quarles' bankruptcy.

The bankruptcy court held that the first element for judicial estoppel was missing, because the trustee did not make any representations to the bankruptcy court concerning the existence of Quarles' malpractice claim. The trustee was not aware of the state court lawsuit until debtor notified the trustee about the pending motion to dismiss in state court, and he immediately attempted to rectify the situation by filing a motion to reopen in the bankruptcy court. Appellants argue that the debtor's misrepresentation should be imputed to the trustee, because the trustee can not acquire any rights greater than those held by debtor. Paul v. Monts, 906 F.2d 1468, 1473 (10th Cir. 1990) ("When asserting rights of action against another, the bankruptcy trustee has no greater rights than the debtor has."). Appellants also suggest that the trustee did adopt a position when he filed a Report of No Distribution stating that debtor did not have any assets.

11

The Court finds that neither of these arguments requires the Court to impute the debtor's failure to disclose her tort claim on her bankruptcy schedules to the trustee. In Paul, the Tenth Circuit held that actions by a debtor in possession, not a trustee, gave rise to a defense of equitable estoppel, because the defendant detrimentally relied on representations by the debtor in possession. 906 F.2d at 1473-74. The bankruptcy court considered this argument, but found that

> the Chapter 7 debtor's performance of postpetition duties under the Bankruptcy Code (such as the duty to schedule assets or amend schedules) is not imputed to the Chapter 7 trustee and cannot be the basis for an estoppel defense to the trustee's action because at the time of the debtor's alleged offense, the ownership of the cause of action has already shifted to the estate.

Dkt. # 3-2, at 38 n.4. In a case very similar to this one, the Eleventh Circuit held that inconsistent pre-petition statements by a debtor did not bind a trustee once he assumed control of a cause of action belonging to the bankruptcy estate. Parker v. Wendy's International, Inc., 365 F.3d 1268 (11th Cir. 2004). In Parker, a bankruptcy debtor failed to disclose an employment discrimination claim on her schedules and, upon learning that the claim existed, the trustee filed a motion to intervene. The Parker court found the claim was the property of the estate, and the trustee had never taken an inconsistent position concerning the existence of the employment discrimination claim. Id. at 1272. The Eleventh Circuit acknowledged general bankruptcy law that the trustee has no greater rights in property of the estate than the debtor, but found that "any post-petition conduct by [debtor], including the failure to disclose an asset, does not relate to the merits of the discrimination claim." Id. In this case, the Court concludes that debtor's omission of the claim from her schedules was not binding on the trustee, nor did the trustee take any position with regard to debtor's malpractice claim. The trustee was not aware of the malpractice claim pre-petition, and could not have assumed any position regarding the lawsuit. Appellants have not shown that the trustee made

an affirmative representation that he was aware of the lawsuit or that he intended to abandon the lawsuit, and the Court finds no legal basis to impute the debtor's acts to the trustee under these circumstances. Id. ("[the trustee] has never abandoned [debtor's] discrimination claim and he never took an inconsistent position under oath with regard to this claim. Thus, [the trustee] cannot now be judicially estopped from pursuing it."). Appellants have not proven the first element necessary for judicial estoppel.

Based on the Court's finding that the trustee has not taken any position regarding debtor's tort claim, it follows that appellants can not prove the other two elements of judicial estoppel. Because the trustee has not taken any position on debtor's claim, appellants can not prove that the trustee has successfully persuaded a court to adopt a misrepresentation of fact. Likewise, appellants can not show that the trustee has derived an unfair advantage from adopting inconsistent positions in two different courts. Even if appellants had standing, their claim for judicial estoppel was properly denied.

**IT IS THEREFORE ORDERED** that the magistrate judge's report and recommendation (Dkt. # 12) is **accepted**. Appellants' appeal of the bankruptcy court's order (Dkt. # 2) reopening Connstance N. Quarles' bankruptcy is **dismissed** for lack of standing. **This is a final order terminating this appeal.**

**DATED** this 18th day of January, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT